IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED

2013 SEP 27  A 11: 29

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) ) ) |
| GNM II, LLC, a limited liability company; ROCKINGHAM FAMILY LIMITED PARTNERSHIP, a California limited liability partnership; and LAWRENCE DEOVLET, an individual, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

cv-2:13-cv-700

## COMPLAINT

Comes now the plaintiff, Federal National Mortgage Association ("Fannie Mae"), and for its complaint against the defendants, GNM II, LLC ("GNM II" or "Borrower"), Rockingham Family Limited Partnership ("Rockingham"), and Lawrence Deovlet ("Deovlet"), ("Rockingham" and "Deovlet" also are referred to individually as "Guarantor" and collectively as "Guarantors"), states the following:

### Jurisdiction and Venue

1.     Fannie Mae is a corporation organized and existing under the laws of the United States of America.  Fannie Mae maintains its principal office in Washington, D.C., and is a citizen of the District of Columbia for purposes of jurisdiction and venue.  12 U.S.C. § 1717(a)(2)(B).

{BH186604.1}

2.     GNM II, upon information and belief, is a limited liability company organized and existing under the laws of the State of Delaware with its principal place of business located in the State of California.

3.     Rockingham, upon information and belief, is a limited liability partnership organized and existing under the laws of the State of California with its principal place of business located in the State of California.

4.     Deovlet, upon information and belief, is an adult resident and citizen of the State of California.

5.     The amount in controversy exceeds $75,000.00, exclusive of interest and costs.

6.     This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a) given the diversity between the parties and the amount in controversy.

7.     The Note, *infra,* provides for venue in this Court.

**Factual Basis for Claim**

8.     Pursuant to a Multifamily Note in the original principal amount of $4,100,000 (the "Note") and Multifamily Loan and Security Agreement (the "Loan Agreement"), both executed July 6, 2012, GNM II borrowed $4.1 million (the "Loan"). The original lender was Berkeley Point Capital, LLC ("Berkeley Point" or "Servicer"). The Note has been endorsed to Fannie Mae, and Berkeley Point is the servicer of the Loan. A true and correct copy of the Note is attached as Exhibit A, and a true and correct copy of the Loan Agreement is attached as Exhibit B.

9.     To secure the Loan, GNM II executed the accessory Multifamily Mortgage Assignment of Rents and Security Agreement ("Mortgage"), providing a first mortgage on the

Rockingham Manor Apartments located in Montgomery, Alabama (the "Property"). A true and correct copy of the Mortgage is attached as Exhibit C.

10.    Rockingham and Deovlet gave certain guarantees under the Guaranty of Non-Recourse Obligations (the "Guaranty") executed July 6, 2012, in connection with the Note (the Note, Loan Agreement, Mortgage, Guaranty and other documents executed in connection therewith being referred to as the "Loan Documents"). A true and correct copy of the Guaranty is attached as Exhibit D.

11.    Pursuant to that certain Assignment of Mortgage and that certain Assignment of Collateral Agreements and Other Loan Documents executed July 6, 2012, Berkeley Point assigned the Loan Documents to Fannie Mae. A true and correct copy of the Assignment documents is attached as Exhibit E.

12.    Pursuant to the Loan Documents, Fannie Mae has a first priority security interest in the proceeds of all property damage, business interruption and rent loss or lost rental income insurance, as well as any other applicable insurance, regarding claims for damage to or associated with ownership or operation of the Property.

13.    On or about October 25, 2012, a portion of the Property was totally destroyed by fire, and the Borrower's insurer, Traveler's Insurance Company ("Traveler's"), has remitted insurance proceeds in excess of $1 million.

14.    Under Section 9.03 of the Loan Agreement, any and all insurance proceeds are to be paid to the Servicer on Fannie Mae's behalf. The proceeds can then be used either: a) to reimburse the borrower for repairing or rebuilding the Property; or b) to pay towards the debt. Since the borrower elected not to rebuild the Property, the insurance proceeds are to be used to pay down the debt.

{BH186604.1}

3

15.    To date, only $893,000 in insurance proceeds has been turned over to the Servicer, as required under the Loan Documents. The following checks have been issued by Traveler's in connection with this loss but not remitted to Fannie Mae or Servicer:

>    1.    $25,000 check #0083850808 dated May 15, 2013 from Traveler's payable to the Trust of Kaufman Dolowich Voluck & Gonzo LLP, GNM II, LP, Fannie Mae and Berkeley Point Capital which was cashed and deposited into the account of Kaufman Dolowich Voluck & Gonzo LLP on or about July 1, 2013 without the endorsement of Fannie Mae or Servicer.

>    2.    $35,000 check #0083851184 dated May 15, 2013 to Goodman-Gable-Gould, GNM II, LP, Fannie Mae and Servicer. This check has not been endorsed by Fannie Mae or Servicer and, upon information and belief, has not been cashed to date.

>    3.    Check for $77,341.11 for twelve months of rental loss which, upon information and belief, has been cashed by the Borrower.

>    4.    $47,000 check #00863200 dated April 1, 2013 for Debris Removal payable to Kaufman Dolowich Voluck & Gonzo, LP and GNM II, LP, which was cashed on or about April 5, 2013 by deposit in account 483039090970 which is believed to be the Borrower's account.

16.    GNM II and Guarantors were notified by the Servicer to pay over to Fannie Mae any and all proceeds of insurance received. The failure to do so resulted in an Event of Default under Section 9.03 of the Loan Agreement. Additionally, under Section 3 of the Loan Agreement, the failure to pay over to Fannie Mae all such proceeds of insurance results in personal liability of the Guarantors under the Guaranty.

17.    By letter dated July 12, 2013, further demand was duly made by Fannie Mae upon GNM II and the Guarantors for immediate payment of the remaining insurance proceeds. A true

and correct copy of the letter is attached hereto as Exhibit F. Due to the failure to pay the insurance proceeds, Fannie Mae also made demand for the net rents to be paid to Fannie Mae.

18.    To date, the borrower and Guarantors have not paid over the remaining insurance proceeds or the net rents although the borrower has continued to remit the regular monthly payments. At this point, Fannie Mae has elected not to accelerate the debt, but it reserves the right to do so. Instead, Fannie Mae has elected merely to bring this action for the amount of the insurance proceeds which have not been remitted.

## Count One – Breach of Contract

19.    Fannie Mae incorporates herein all of the allegations and averments set forth in paragraphs 1 – 18 above.

20.    GNM II is indebted to Fannie Mae for the insurance proceeds in the amount $184,341.11, together with attorneys' fees and other costs, as provided for in the Note and Loan Agreement.

WHEREFORE, premises considered, Fannie Mae demands judgment against GNM II in the amount of $184,341.11 together with interest, attorneys' fees and expenses and other costs. Fannie Mae requests this Court to grant any such other, further, or different relief to which Plaintiff may be entitled.

## Count Two – Guarantees

21.    Fannie Mae incorporates herein all of the allegations and averments set forth in paragraphs 1 – 20 above.

22.   Each of the Guarantors is liable to Fannie Mae, jointly and severally, for the insurance proceeds in the amount of $184,341.11, plus attorneys' fees and other costs, as provided for in the Guaranty and Loan Agreement.

WHEREFORE, premises considered, Fannie Mae demands judgment against Deovlet and Rockingham, jointly and severally, in the amount of $184,341.11, plus interest, attorneys' fees and expenses and other costs.  Furthermore, Fannie Mae requests this Court to grant any such other, further, or different relief to which Plaintiff may be entitled.


C. Ellis Brazeal III
Attorney for Federal National Mortgage
Association


**OF COUNSEL:**

Jones Walker LLP
1819 Fifth Avenue North; Suite 1100
Birmingham, AL 35203
Telephone: (205) 244-5200
Telecopier: (205) 244-5424




**PLEASE SERVE VIA CERTIFIED MAIL AS FOLLOWS:**

GNM II, LLC
15445 Ventura Blvd
#1004
Sherman Oaks, CA 91403


{BH186604.1}

Rockingham Family Limited Partnership
15445 Ventura Blvd
#1004
Sherman Oaks, CA 91403

Lawrence Deovlet
15445 Ventura Blvd
#1004
Sherman Oaks, CA 91403