# EXHIBIT F



**JONES WALKER**

190 EAST CAPITOL STREET, SUITE 800 (39201)
P.O. BOX 427
JACKSON, MISSISSIPPI 39205-0427
601-949-4900
FAX 601-949-4804
www.joneswalker.com

Gina M. Jacobs
Not admitted in Alabama
Direct Dial: 601-949-4705
Direct Fax: 601-949-4804
gjacobs@joneswalker.com

July 12, 2013

**VIA EMAIL AND CERTIFIED MAIL (7012 1640 0002 3686 3205)**

GNM II, LLC
The Rockingham Family Limited Partnership
Lawrence Deovlet
c/o Lawrence Deovlet
15445 Ventura Blvd., #1004
Sherman Oaks, CA  91403
LRPM@LandmarkLA.com

    Re:    Rockingham Manor/ Montgomery, AL
                  Demand for Insurance Proceeds – Fire Loss (October 2012)

Dear Sirs:

        GNM II, LLC is the Borrower pursuant to a Multifamily Note in the original principal amount of $4,100,000 ("Note") and Multi Family Loan and Security Agreement (the "Loan Agreement"), both executed July 6, 2012, and the accessory Multifamily Mortgage, Assignment of Rents and Security Agreement executed simultaneously ("Mortgage"), all with respect to a mortgage loans on the Rockingham Manor Apartments, Montgomery, Alabama (the "Property"). The Rockingham Family Limited Partnership and Lawrence Deovlet gave certain guarantees under the Guaranty of Non-Recourse Obligations ("Guaranty") executed July 6, 2012 in connection with the Note (the Note, Loan Agreement, Mortgage, Guaranty and other documents executed in connection therewith the "Loan Documents). Fannie Mae is now the holder of the Loan Documents.

        We have been engaged by Fannie Mae with respect to this matter and the failure of the Borrower and Guarantors to turn over to Fannie Mae as required by the Loan Documents all insurance proceeds received from the fire loss which occurred in October 2012.

        We understand from Borrower's insurance carrier, Traveler's that in addition to the $893,000 insurance proceeds which you have turned over to Fannie Mae's loan servicer,

{JX065220.1}

———————————————————— JONES WALKER LLP ————————————————————

ALABAMA  •  ARIZONA  •  CALIFORNIA  •  DISTRICT OF COLUMBIA  •  FLORIDA  •  GEORGIA  •  LOUISIANA  •  MISSISSIPPI  •  NEW YORK  •  OHIO  •  TEXAS

GNM II, LLC
July 12, 2013
Page 2

Berkeley Point Capital LLC (the "Servicer"), that the following checks have been issued by Traveler's in connection with this loss:

    1.    $25,000 check #0083850808 dated May 15, 2013 from Traveler's payable to the Trust of Kaufman Dolowich Voluck & Gonzo LLP, GNM II, LP, Fannie Mae and Berkeley Point Capital which was cashed and deposited into the account of Kaufman Dolowich Voluck & Gonzo LLP on or about July 1, 2013 without the endorsement of Fannie Mae or Servicer.

    2.    $35,000 check #0083851184 dated May 15, 2013 to Goodman-Gable-Gould, GNM II, LP, Fannie Mae and Servicer. This check has not been endorsed by Fannie Mae or Servicer and has not been cashed to date.

    3.    Check for $77,341.11 for twelve months of rental loss which we understand has been cashed by the Borrower.

    4.    $47,000 check #00863200 dated April 1, 2013 for Debris Removal payable to Kaufman Dolowich Voluck & Gonzo, LP and GNM II, LP, which was cashed on or about April 5, 2013 by deposit in account 483039090970 which we presume is the Borrower's account.

Pursuant to the Loan Documents, Fannie Mae is to be named as loss payee on any certificates of insurance for coverage on or associated with ownership or operation of the Property.

Pursuant to the Loan Documents, Fannie Mae has a first priority security interest in the proceeds of all property damage, business interruption and rent loss or lost rental income insurance, as well as any other applicable insurance, regarding claims for damage to or associated with ownership or operation of the Property.

You have been previously notified by the Servicer that you are required by the Loan Documents to pay over to Fannie Mae any and all proceeds of insurance received. Your failure to do so has resulted in an Event of Default under the Loan Documents. It is also a violation of Article 9 of the Loan Agreement to fail to cooperate with Fannie Mae in making or settling any claims under policies of insurance covering damage to or associated with ownership or operation of the Property.

It is a direct violation of Section 9.03 of the Loan Agreement for you to fail to remit to Fannie Mae all proceeds of insurance from this loss. Additionally, it is a direct violation of Section 3 on personal liability under the Loan Agreement to fail to pay over to Fannie Mae all such proceeds of insurance, including any and all advances and loss of rents. Such a violation will result in personal liability of the Guarantors under the Guaranty. Further, due to the fact that

GNM II, LLC
July 12, 2013
Page 3

one or more of the insurance checks have been fraudulently signed on behalf of Servicer and/or Fannie Mae or cashed without endorsement or approval of Fannie Mae, under Section 3.02(b) of the Loan Agreement and Section 3 of the Guaranty, the loan is now full recourse to the Borrower and each Guarantor individually.

This letter will serve as further demand for the turnover of all of the insurance proceeds received with respect to the fire loss which occurred in October 2012, including, without limitation, the proceeds received under the checks listed in 1-3 above and for any amount of the $47,000 proceeds for debris removal for which you do not provide an invoice for which payment has been made related to the debris removal.

If any and all of the insurance proceeds from the loss are not remitted on or before 5:00 p.m. (Central Time) on July 19, 2013 to PNC Bank, NA, ABA#: 043000096, Berkeley Point Capital LLC, Credit #: 1019788912, Ref Loan#: 077040266, then at Fannie Mae's option and without further notice (a) the entire unpaid principal balance, any accrued interest (including default interest), the prepayment premium payable under the Note, if any, and all other amounts payable under the Note and other Loan Documents (including servicing fees, if any) may be accelerated and at once become due and payable, and (b) Fannie Mae shall exercise against Borrower and Guarantors any and all rights or remedies available to Fannie Mae pursuant to the Loan Documents or otherwise, including, without limitation the right of judicial or nonjudicial foreclosure of the liens and security interests evidenced by the Loan Documents. In such event, Fannie Mae shall require Borrower to pay any and all costs of collection incurred by Fannie Mae (including attorneys' fees and expenses). In addition, and without limiting the generality of the foregoing, please be advised that Fannie Mae reserves the right, at its sole option, to deliver notice to all tenants of the Property instructing them to pay all rents, issues and profits (collectively, "Rents") to Fannie Mae, as set forth in the Security Instrument.

PURSUANT TO THE SECURITY INSTRUMENT, BORROWER'S LICENSE TO COLLECT RENTS HAS TERMINATED, AND FANNIE MAE IS NOW ENTITLED TO ALL RENTS AS THEY BECOME DUE AND PAYABLE, INCLUDING RENTS CURRENTLY DUE AND UNPAID. ANY RENTS HEREAFTER RECEIVED BY BORROWER SHALL BE RECEIVED AND HELD BY BORROWER IN TRUST FOR THE BENEFIT OF FANNIE MAE. ALL SUCH RENTS SHALL BE APPLIED ONLY TO BONA FIDE OPERATING EXPENSES OWED TO THIRD PARTIES IN CONNECTION WITH THE OPERATION OF THE PROPERTY OR PAID TO SERVICER, ON BEHALF OF FANNIE MAE, TO BE APPLIED IN ACCORDANCE WITH THE LOAN DOCUMENTS.

Please be advised that the demand made hereby is being given pursuant to the terms and provisions of the Loan Documents. By making this demand, Fannie Mae does not waive any of the rights or remedies available to Fannie Mae under the Loan Documents or otherwise. No failure to exercise any rights or remedies available to Fannie Mae and no delay in exercising any such rights or remedies shall operate as a waiver of any rights which Fannie Mae may have pursuant to the terms of the Loan Documents or otherwise. Further, any reference by Fannie Mae, Servicer or our law firm to any event of default or default in this letter shall in no way

GNM II, LLC
July 12, 2013
Page 4

constitute, or be construed to be, a waiver of any other event of default or default which may now exist or hereafter arise under the Loan Documents.

Please be further advised that any discussions that may have occurred or may occur in the future among Borrower, Guarantor, Servicer, our law firm, Fannie Mae and/or their representatives regarding the Property or the Note evidence nothing more than the continuing good faith attempts to work out the existing defaults in a manner reasonably acceptable to all parties. Borrower or Guarantors may not rely upon any such discussions in any manner or fashion. Unless and until a binding, written agreement modifying the terms of the Loan Documents has been fully executed by and between all parties, Fannie Mae's rights and remedies are and will continue to be fully enforceable under the terms of the Loan Documents as currently in effect.

This letter is also being sent to Guarantors in order to notify them of Borrower's default. In the event that such default is not cured in the time period set forth herein, Fannie Mae, at its sole option and in addition to any other remedies available to Fannie Mae, may seek to recover from the Guarantors any indebtedness and any other obligations owing by Guarantors pursuant to the Loan Documents.

Notwithstanding any previous action or inaction by or on behalf of Servicer and/or Fannie Mae to the contrary, if any, you are hereby notified that Fannie Mae hereby demands strict compliance with the terms and conditions of the Note and other Loan Documents. Fannie Mae does not in any manner waive any rights or remedies available against you pursuant to the Note or other Loan Documents or applicable law, including without limitation the rights described in this letter.

Your immediate attention to this matter is recommended.

Sincerely,

Gina M. Jacobs

GMJ:ddmwt
cc: Joel T. Shakelford, Esq. (via email and certified mail – 7012 1640 0002 3686 3212)
    Jim Noakes, Fannie Mae (via email)
    John D. Nicholson, Fannie Mae (via email)
    Frank Yanez, Fannie Mae (via email)
    Andrew Tonti, Berkeley Point (via email)
    Richard Marion, Berkeley Point (via email)
    John Sorel, Berkeley Point (via email)
    Debra Dietz, Fannie Mae (via email)
    Karen Johns, Jones Walker LLP (via email)
    Joe Turitz, Esquire, Berkeley Point (via email)

{JX065220.1}/13860800