IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, ) ) ) Plaintiff, ) ) v. ) ) GNM II, LLC, *et al.*, ) ) Defendants. ) ) _____ ) ) GNM II, LLC, a limited liability ) company, ) ) Third-Party Plaintiff, ) ) v. ) ) TRAVELERS'S CASUALTY ) INSURANCE CO. OF ) AMERICA, ) ) Third-Party Defendant. ) | Case No. 2:13-cv-700-WC |

# **MEMORANDUM OPINION AND ORDER**

Before the court is Third-Party Defendant Travelers's Casualty Insurance Company of America's ("Travelers") Motion to Dismiss the Third-Party Complaint (Doc. 21). Plaintiff Federal National Mortgage Association ("Fannie Mae") brought this action naming as Defendants GNM II, LLC ("GNM"), Rockingham Family Limited Partnership, and Lawrence Deovlet. Compl. (Doc. 1). The Complaint alleges breach of

contract and guarantees. Compl. (Doc. 1) at 5-6. Defendant GNM then filed an Answer to the Complaint and a Third-Party Complaint (Doc. 6), naming Travelers as a Third-Party Defendant. The Third-Party Complaint listed the following causes of action: (Count 1) Breach of Contract; (Count 2) Breach of Fiduciary Duty; (Count 3) Breach of Implied Covenant of Good Faith and Fair Dealing; (Count 4) Negligence; and (Count 5) Indemnity. (Doc. 6) at 21-27.

Upon consideration of Travelers's Motion to Dismiss the Third-Party Complaint, the court finds that the Motion (Doc. 21) is due to be GRANTED.

## I. STANDARD OF REVIEW

Travelers filed the instant Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. In deciding a Rule 12(b)(6) motion to dismiss, the court must accept all well-pleaded factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). "To survive dismissal, the complaint's allegations must plausibly suggest that the [plaintiff] has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed." *James River Ins. Co. v. Ground Down Eng'g, Inc.*, 540 F.3d 1270, 1274 (11th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)); *see also Edwards v. Prime Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010). The former rule—that "[a] complaint should be dismissed only if it appears beyond doubt that the plaintiffs can prove no set of facts which would entitle

them to relief," *La Grasta v. First Union Sec., Inc.*, 358 F.3d 840, 845 (11th Cir. 2004)—has been retired by *Twombly*. *See James River Ins. Co.*, 540 F.3d at 1274. Thus, the court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). The court need not accept as true legal conclusions or mere conclusory statements. *Id.*

## II. DISCUSSION

This third-party action stems from two checks issued by Travelers to GNM for lost business income and debris removals after a fire destroyed property owned by GNM, insured by Travelers, and mortgaged by Fannie Mae. GNM filed a claim with Travelers for the loss, and Travelers issued payments under the policy. Some of these payments were made payable to GNM and Fannie Mae, as well as other parties not relevant to this third-party action, but one check for lost business income and one for debris removal after the fire were made payable only to GNM. It is those checks that are the subject of this third-party action.

### A. *Breach of Contract*

Travelers contends that GNM has failed to state a claim for which relief can be granted regarding the breach of contract claim. Mot. (Doc. 21) at 7-12. Under both Alabama and California contract law,[1] to succeed on a breach of contract claim, a

---

[1] "A federal court sitting in diversity will apply the conflict-of-laws rules of the forum state." *Grupo Televisa, S.A. v. Telemundo Commc'ns Grp., Inc.*, 485 F.3d 1233, 1240 (11th Cir. 2007) (citing *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941)). Because this case is brought under diversity jurisdiction and this court sits in Alabama, Alabama conflict-of-laws rules will apply. "[T]he

plaintiff must establish the following elements: (1) existence of a valid contract; (2) performance under the contract by a plaintiff; (3) a defendant's breach; and (4) resulting damages. *Shaffer v. Regions Fin. Corp.*, 29 So. 3d 872, 880 (Ala. 2009); *Oasis W. Realty, LLC v. Goldman*, 250 P.3d 1115, 1121 (Cal. 2011).

GNM's breach of contract claim is twofold. First, GNM argues that Travelers breached its contract by failing to pay the appropriate loss payee, Fannie Mae, as required by the insurance policy. (Doc. 6) at 22. Second, GNM argues that Travelers breached its contract with GNM by failing to provide GNM with a defense against the claims asserted in this suit by Fannie Mae. *Id.* Each argument is discussed below.

### i. Failure to Pay Loss Payee

GNM alleges that Travelers breached its contract with GNM because Travelers did not list Fannie Mae as a payee on two specific checks issued by Travelers, one check for business income lost by GNM and the other for debris removal after the fire. Travelers moves to dismiss this claim because Travelers has fully paid GNM under the insurance policy and, thus, GNM cannot argue "that Travelers did not perform under its contract with GNM." Mot. (Doc. 21) at 8. GNM responds that "Fannie Mae's name was

---

court must characterize the legal issue and determine whether it sounds in torts, contracts, property law, etc.," to "determine[] the choice of law rule that the forum state applies to that particular type of issue." *Grupo Televisa, S.A.*, 485 F.3d at 1240 (citing *Acme Circus Operating Co., Inc. v. Kuperstock*, 711 F.2d 1538, 1540 (11th Cir.1983)).
  Breach of contract sounds in contract law, and "in Alabama, contract claims are governed by the laws of the state where the contract was made." *SE Prop. Holdings, LLC v. Sandy Creek II, LLC*, 954 F. Supp. 2d 1322, 1335 (S.D. Ala. 2013) (citing *Cherry, Bekaert & Holland v. Brown*, 582 So.2d 502, 506 (Ala. 1991)). Here, the contract was "made" in either California or Alabama. However, a court "need not resolve [a] choice of law problem [when] the relevant law in both states is essentially in harmony," *Scott v. Prudential Sec., Inc.*, 141 F.3d 1007, 1012 (11th Cir. 1998). The court finds it unnecessary to determine whether Alabama or California contract law will apply because the result would be the same.

supposed to be on any/all checks issued under the Business Owner's policy by Travelers as Fannie Mae and GNM were to be '<u>jointly paid</u>' on the 'Covered Property'."  GNM's Resp. (Doc. 24) at 8.  Travelers asserts that GNM's argument fails based on the terms of the insurance policy because Travelers was only required to pay a loss payee for "covered property," which does not include payment for business income and debris removal.  (Doc. 25) at 8.

Indeed, the insurance policy states,[2] "For *Covered Property* in which both you and a Loss Payee . . . have an insurable interest, we will . . . [p]ay any claim for loss or damage jointly to you and the Loss Payee."  (Doc. 21-1) at 15 (emphasis added).  Per this term of the insurance agreement, Travelers was only obligated to jointly pay GNM and Fannie Mae for "covered property."  The policy defines "Covered property" as follows:

> A. COVERAGE
> 1. Covered Property
>     Covered Property, as used in this Coverage Form, means the type of property described in this Paragraph A.1. . . .
>         a. Building . . . .
>         b. Business Personal Property . . . .

(Doc. 21-1) at 18.  "Building" is explained to include the structure itself and personal property within that structure.  *Id.*  "Business Personal Property" includes the personal

---

[2] "Ordinarily, we do not consider anything beyond the face of the complaint and documents attached thereto when analyzing a motion to dismiss.  *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1368 (11th Cir. 1997).  This court recognizes an exception, however, in cases in which a plaintiff refers to a document in its complaint, the document is central to its claim, its contents are not in dispute, and the defendant attaches the document to its motion to dismiss."  *Financial Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1284 (11th Cir. 2007) (citing *Harris v. Ivax Corp.*, 182 F.3d 799, 802 n.2 (11th Cir. 1999).  In the present case, GNM stated that it had attached the copy of the insurance contract, but it appears it inadvertently failed to do so.  In any regard, GNM referenced the document in its complaint, it is central to its claim, its contents are not in dispute, and Travelers attached it to the Motion to Dismiss.  Accordingly, the court has considered the contract in making its determination.

property used by the business. *Id.* Neither paragraph A.1.a nor A.1.b include any coverage for business income or debris removal. Thus, business income and debris removal are not included as "covered property" under the terms of the insurance policy, and Fannie Mae, as a loss payee, was not entitled to joint payment. GNM correctly cites to the sections of the policy that do provide coverage for Business Income ((Doc. 21-1) at 19) and Debris Removal ((Doc. 21-1) at 22); however, GNM ignores the structure of the policy. As addressed above, the policy explicitly states that covered property only includes "the type of property described in this Paragraph A.1." Business income coverage is set out in Paragraph A.3.a and debris removal coverage is set out in Paragraph A.6.c. (Doc. 21-1) at 19, 22. Thus, neither of these paragraphs fit the definition of "covered property," and GNM's breach of contract claim for failure to pay a loss payee is due to be dismissed.

### ii. Failure to Provide a Defense

Travelers also moves to dismiss the breach of contract claim for failure to provide a defense to GNM. Travelers argues this claim should be dismissed because "Travelers owes no duty to defend GNM" in the instant action as it is not covered by the duty to defend terms of the policy. Mot. (Doc. 21) at 9-12. In GNM's policy with Travelers, Travelers had "the right and <u>duty to defend</u> the insured against any 'suit' <u>seeking [bodily injury or property] damages</u>. . . . This insurance applies to 'bodily injury' and 'property damage' <u>only if</u> . . . [t]he 'bodily injury' or 'property damage' is <u>caused by an 'occurrence'</u>." (Doc. 21-1) at 77 (emphasis added). "Property damage" is defined in the

policy as "physical injury to tangible property, including all resulting loss of use of that property . . . or [l]oss of use of tangible property that is not physically injured." (Doc. 21-1) at 91.  The policy defines an "occurrence" as "an accident."  (Doc. 21-1) at 90.

Travelers claims the duty to defend was not triggered here, and thus could not have been breached, for two reasons:  first, "Fannie Mae's Complaint does not allege bodily injury or property damage"; and second, any damage was not caused by an "occurrence" or accident.  Mot. (Doc. 21) at 12.  GNM did not respond regarding whether an occurrence or accident caused the alleged harm; rather, GNM argues that "Fannie Mae is suing GNM as to 'property damage' . . . inasmuch as Fannie Mae is suing for the tangible property of lost business income, and for that money to allow for removal of tangible physical property in the form of debris removal."  GNM's Resp. (Doc. 24) at 12.

Fannie Mae's Complaint alleges breach of a promissory note and loan agreement, as well as guarantees, by GNM and such a suit does not seek damages caused by an occurrence or accident.  Travelers's duty to defend would have been triggered *only if* alleged damages were caused by an occurrence or accident, and therefore, the court finds that Travelers does not have a duty to defend GNM here.  The court finds it unnecessary to determine whether lost business income or debris removal are included in the policy's definition of physical property because, in any event, the lack of an occurrence or accident prevents the triggering of the duty to defend.  Thus, Plaintiff's breach of contract

claim for failure to provide a defense is due to be dismissed.[3]

### B.     Breach of Fiduciary Duty

Travelers contends that GNM has failed to state a claim for which relief can be granted regarding the breach of fiduciary duty claim.[4]  Mot. (Doc. 21) at 12-13.  In order to succeed on a breach of fiduciary duty claim, a plaintiff must establish the following elements:  (1) existence of a fiduciary relationship between the parties that creates a duty; (2) a breach of that fiduciary duty; and (3) damages caused by the breach.  *Regions Bank v. Lowrey*, 101 So. 3d 210, 219 (Ala. 2012).

Travelers asserts that GNM's claim fails to satisfy even the first element because "under Alabama law, Travelers does not have a fiduciary relationship with GNM."  Mot. (Doc. 21) at 13.  Travelers points to a decision from our sister court, which held that "the Alabama Supreme Court has expressly declined to find a fiduciary relationship between insurance companies . . . and their customers in the context of the purchase of casualty, health, or life insurance and attempts to collect under those policies."  *Sayer v. Lincoln*

---

[3] GNM appears to concede this point by stating, "Besides, the 'failure to defend' portion of Travelers' breach is referenced in <u>one sentence</u> of the [Third-Party Complaint].  Travelers' primary breach of contract stems from its failure to properly jointly pay the loss payees under the Policy."  GNM's Resp. (Doc. 24) at 12-13 (internal citations omitted).

[4] In Alabama, breach of fiduciary duty is a tort claim.  *Systrends, Inc. v. Grp. 8760, LLC*, 959 So. 2d 1052, 1075 (Ala. 2006).  Under Alabama's choice of law doctrine, torts are governed by the law where harm occurred:
> The principle that governs which state's substantive law applies to tort claims in a conflict-of-laws analysis is well settled . . . .  [A]n Alabama court will determine the substantive rights of an injured party according to the law of the state where the injury occurred."

*Ex parte U.S. Bank Nat. Ass'n*, No. 1120904, 2014 WL 502370, *9 (Ala. Feb. 7, 2014) (quoting *Fitts v. Minnesota Min. & Mfg. Co.*, 581 So. 2d 809, 820 (Ala. 1991)).  Here, the harm occurred in Alabama, so Alabama law will apply.

*Nat'l Life Ins. Co.*, No. 7:05-cv-1423-EDP, 2006 WL 6253201, at *6 (N.D. Ala. Oct. 12, 2006) (citing *Nat'l Ins. Ass'n v. Sockwell*, 829 So. 2d 111, 141 (Ala. 2002); *King v. Nat'l Found. Life Ins. Co.*, 541 So. 2d 502, 505-06 (Ala. 1989); *Quick v. State Farm Mut. Auto. Ins. Co.*, 429 So. 2d 1033, 1035 (Ala. 1983) (Tobert, C.J. concurring specially); *Metropolitan Life Ins. Co. v. James*, 191 So. 352, 355 (Ala. 1939)); s*ee also Maloof v. John Hancock Life Ins. Co.*, 60 So. 3d 263 (Ala. 2010) (finding no fiduciary duty between insured and insurance company and its agents); *Guinn v. Am. Integrity Ins. Co.*, 568 So. 2d 760, 763 (Ala. 1990) (same).

In response, GNM asserts that "the facts in *Sayer*, and the legal conclusion determined therein, has [sic] absolutely no bearing on the instant litigation" because, GNM argues, this case does not deal with purchasing insurance or an attempt to collect under an existing policy. GNM's Resp. (Doc. 24) at 14-15. Rather, GNM argues that this case "deals with Travelers's failure to adequately, and 'jointly,' pay under the Policy." *Id.* The court finds no merit in GNM's argument. A lawsuit over an alleged "failure to adequately, and jointly, pay" under an existing policy is clearly an attempt to collect under the insurance policy. Therefore, *Sayer*, as well as the cases on which it relies, would apply in this case. GNM has not and cannot establish a fiduciary relationship between Travelers (an insurance company) and GNM (a customer of Travelers), and GNM's breach of fiduciary duty claim is due to be dismissed.

Even if the court found *Sayer* to be inapplicable, *which it does not*, GNM has still not established the existence of a fiduciary relationship. GNM cites no Alabama

9

authority and pleads no set of facts to show special circumstances or a confidential relationship such that could give rise to a fiduciary duty. GNM does point the court to a Louisiana case in an attempt to establish that "an insurer is deemed a fiduciary of its insured." GNM's Resp. (Doc. 24) at 13 (citing *Pareti v. Sentry Indem. Co.*, 536 So. 2d 417 (La. 1988)). The court cannot find a fiduciary relationship exists in this case based on the holding of a Louisiana court when this tort action is governed by Alabama law. *Systrends*, 959 So. 2d at 1075. GNM has failed to plead the existence of a fiduciary relationship between the parties that creates a duty. Thus, GNM's breach of fiduciary duty claim is due to be dismissed.

### C.     *Breach of Implied Covenant of Good Faith and Fair Dealing/Bad Faith*[5]

Travelers contends that GNM has failed to state a claim for which relief can be granted regarding the bad faith claim.[6] Mot. (Doc. 21) at 14-15. In order to succeed on a bad faith claim, a plaintiff must establish the following elements: "([1]) a breach of insurance contract, ([2]) the refusal to pay claim, ([3]) the absence of arguable reason, ([4]) the insurer's knowledge of such absence—with a conditional fifth element: '([5]) if the intentional failure to determine the existence of a lawful basis is relied upon, the plaintiff must prove the insurer's intentional failure to determine whether there is a

---

[5] Count Three of GNM's Third-Party Complaint was for a breach of implied covenant of good faith and fair dealing. The court will interpret this to be a claim for the tort of bad faith. *See Chavers v. Nat'l Sec. Fire & Cas. Co.*, 405 So. 2d 1, 4 (Ala. 1981) ("Every contract contains an implied in law covenant of good faith and fair dealing . . . Breach of the covenant provides the injured party with a tort action for 'bad faith' . . . .") (internal citations omitted).

[6] In Alabama, a claim for breach of implied covenant of good faith and fair dealing/bad faith is a tort claim. *Brechbill*, 2013 WL 5394444, *9. Here, the alleged harm occurred in Alabama; therefore,

legitimate or arguable reason to refuse to pay the claim.'" *State Farm Fire & Cas. Co. v. Brechbill*, No. 1111117, 2013 WL 5394444, *9 (Ala. Sept. 27, 2013) (quoting *Nat'l Sec. Fire & Cas. Co. v. Bowen*, 417 So. 2d 179, 183 (Ala. 1982)).

Travelers argues that this claim fails because, for the reasons discussed in the breach of contract section, GNM cannot show a breach of an insurance contract. Mot. (Doc. 21) at 14-15. GNM reasserts that there was a breach of the insurance contract. GNM's Resp. (Doc. 24) at 15-16. As discussed in section II.A above, the court finds that GNM has failed to state a claim for breach of contract. Thus, a claim of bad faith for the alleged breach cannot stand.

### D. Negligence

Travelers contends that GNM has failed to state a claim for which relief can be granted regarding the negligence claim.[7] Mot. (Doc. 21) at 15-16. Travelers argues that Alabama "'has consistently refused to recognize a cause of action for the negligent handling of insurance claims.'" Mot. (Doc. 21) at 15-16 (quoting *Kervin v. So. Guar. Ins. Co.*, 667 So. 2d 704, 706 (Ala. 1995)). GNM responds that, "[w]hile it is true that Alabama does not provide for a cause of action for negligent *investigation* of a claim (per [*Kervin*]), Alabama does recognize general negligence claims against insurance companies." GNM's Resp. (Doc. 24) at 17 (citing *Waters v. Am. Cas. Co.*, 73 So. 2d 524 (Ala. 1953)). The court is unconvinced by GNM's argument.

---

Alabama law applies to this claim.

[7] In Alabama, negligence is a tort claim. *Davis v. Hanson Aggregates Se., Inc.*, 952 So. 2d 330, 335 (Ala. 2006). Here, the alleged harm occurred in Alabama, so Alabama law will apply.

First, *Waters*, the authority to which GNM points, holds that "a liability insurer may be liable to its insured beyond the policy limits for the insurer's negligence . . . in failing to settle claims against its insured within policy limits when a judgment greater than the policy limits is later obtained against the insured." *Turner Ins. Agency v. Cont'l Cas. Ins. Co.*, 541 So. 2d 471, 472 (Ala. 1989) (citing *Waters*, 73 So. 2d at 254). Those facts are inapplicable to the case at hand, as there has not been any failure to settle within policy limits or a judgment greater than the policy limits obtained against GNM.

Second, *Kervin* does not limit its holding to the *investigation* of claims as GNM asserts. Rather, *Kervin* states clearly that no cause of action is recognized in Alabama for "the negligent *handling* of insurance claims," *Kervin*, 667 So. 2d at 706 (emphasis added), and the *Kervin* decision does not stand alone. *See Pate v. Rollison Logging Equipment, Inc.*, 628 So. 2d 337, 345 (Ala. 1993) (The Alabama Supreme Court "has consistently refused to recognize a cause of action for the negligent handling of insurance claims."); *Chavers v. National Security Fire & Casualty Co.*, 405 So. 2d 1, 5 (Ala. 1981) ("[W]e have expressly rejected any cause of action based upon an insurer's negligence in handling direct claims. . . . We reaffirm this position."); *Calvert Fire Ins. Co. v. Green*, 180 So. 2d 269 (1965).[8] GNM's claims against Travelers are centered on the manner in

---

[8] "This refusal to recognize causes of action for the negligent and wanton handling/adjusting of insurance claims has evolved principally because of the recognition that the insured is not left without a remedy inasmuch as the insurer can still be sued for breach of contract and, as well, for the tort of bad faith." *St. John's Deliverance Temple v. Frontier Adjusters*, CA 11-0624-KD-C, 2012 WL 629056, at *10 (S.D. Ala. Feb. 27, 2012); s*ee also Cofield v. Allstate Indem. Co.*, 1:12-cv-02100-HGD, 2014 WL 310447 (N.D. Ala. Jan. 28, 2014); *Morton v. Travelers Ins.*, 2:13-cv-01603-RDP, 2013 WL 6441805 (N.D. Ala. Dec. 9, 2013); R*ogers v. Hartford Life & Acc. Ins. Co.*, CIV.A. 12-0019-WS-B, 2012 WL 887482 (S.D. Ala. Mar. 15, 2012) *reconsideration denied*, CIV.A. 12-0019-WS-B, 2012 WL 2395194

which Travelers handled the insurance claims made by GNM.  Thus, based on *Kervin* and its progeny, Alabama does not recognize a negligence cause of action here, and GNM's negligence claim is due to be dismissed.

### E.     Indemnity

GNM's Third-Party Complaint alleges that Travelers owes GNM noncontractual indemnity[9] as a result of "the negligence and carelessness, nondelegable duties, or tortuous conduct of Travelers."  (Doc. 6) at 26.  Travelers moves to dismiss contending that GNM has failed to state a claim for which relief can be granted.  Mot. (Doc. 21) at 16-17.  "'The basis for indemnity is restitution, and the concept that one person is unjustly enriched at the expense of another when the other discharges liability that it should be his responsibility to pay.'" *N. Ala. Elec. Co-op. v. New Hope Tel. Co-op.*, 7 So. 3d 342, 345 (Ala. 2008) (quoting *Amerada Hess Corp. v. Owens-Corning Fiberglass Corp.*, 627 So. 2d 367, 370 (Ala. 1993)).  GNM argues that "Travelers would be unjustly enriched for its own fault in failing to . . . 'jointly" pay[]'" GNM and Fannie Mae for the lost business income and debris removal.  GNM's Resp. (Doc. 24) at18.  However, GNM's argument fails because, as set out in Section II.A, Travelers was only obligated to jointly pay GNM and Fannie Mae for "covered property," which did not include lost business income and debris removal.  There can be no claim for indemnity based on "the

---

(S.D. Ala. June 22, 2012); *Butler v. Allstate Indem. Co., Inc.*, 3:09-cv-838-WKW, 2010 WL 381164 (M.D. Ala. Jan. 25, 2010).

[9] In Alabama, noncontractual indemnity is a tort claim.  *Precision Gear Co. v. Cont'l Motors, Inc.*, 1110786, 2013 WL 3481949, at *4 (Ala. July 12, 2013).  Here, the harm occurred in Alabama, so Alabama law will apply.

negligence and carelessness . . . of Travelers," ((Doc. 6) at 26), where Travelers properly paid GNM under the terms of the insurance policy. Thus, GNM's indemnity claim is due to be dismissed.

## III.   CONCLUSION

For the reasons discussed above, it is ORDERED that Travelers' Motion to Dismiss (Doc. 21) is GRANTED.

Done this 17th day of April, 2014.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE